■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD STOVALL, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 14, 1977, convicting defendant on his plea of guilty of manslaughter in the first degree (Penal Law, § 125.20) and sentencing him to an indeterminate term of imprisonment of not less than 4 years and not more than 12 years, is modified, as a matter of discretion in the interest of justice, to the extent that the provision for a minimum period of four years in the sentence is stricken, and the court imposes a sentence of imprisonment for an indeterminate term of which the maximum shall be 12 years with no minimum set by the court; and the judgment is otherwise affirmed. Defendant killed his estranged wife. There cannot be any excuse for the crime. On the other hand, it was an emotional situation arising out of the estrangement; the defendant was 29 years old at the time of the crime; he is now 32 years old; he has no other criminal record, although his disputes with his wife did lead to four Family Court orders of protection; he is not engaged in a life of crime. He has been incarcerated since the date of the sentence. This appears to us to be the kind of case in which the determination of eligibility for parole should be made by the Parole Board without the court tying the Parole Board's hands in advance. Concur—Silverman, Markewich and Sandler, JJ.

Kupferman, J. P., and Birns, J., dissent in part in a memorandum, as follows: Following his guilty plea to the crime of manslaughter in the first degree, defendant was sentenced to a prison term of 4 to 12 years. He beat his wife to death. This incident was not the first assault. There were other episodes which required the wife to obtain orders of protection. The probation report highlights the domestic difficulties of the defendant, who comes from a good home and background, has skills as an electrician and no prior criminal record. Nevertheless, we note the observations of Judge Zimmerman at sentence to the effect that the defendant is immature and emotional and that if a minimum sentence were not set the defendant probably would be back on the street within 12 months, and that such a result would not be desirable. Recognizing the interplay of the various factors present in this case, there is nothing to indicate that Judge Zimmerman in any way abused his discretion in imposing this sentence. As a matter of interest, other Judges on the sentencing panel with whom he conferred would have imposed a more severe maximum and minimum. Judge Zimmerman attempted to be most careful in imposing sentence in this most difficult case. We are of the opinion that the sentence was appropriate. We would affirm.